USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

UNITED STATES OF AMERICA,  :  05 Cr. 713 (SHS)
                              08 Civ. 2408 (SHS)
      -against-  :
                              MEMORANDUM OPINION
YOUSSEF FAKIH,  :  & ORDER

                Defendant.  :

------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

      Youssef Fakih has filed a petition pursuant to 28 U.S.C. § 2255 seeking to vacate the judgment of conviction dated on November 3, 2006 on the grounds that his trial counsel was constitutionally ineffective. For the reasons that follow, the petition is denied.

## I. BACKGROUND

      Fakih was indicted by a grand jury in early 2006 for witness tampering in violation of 18 U.S.C. § 1512(b). Following a six-day long trial in April 2006, he was convicted by the jury of witness tampering. The witness tampering consisted in part of attempting to persuade a potential witness during a taped conversation to falsely tell the F.B.I., which was investigating credit card fraud, that Fakih had never used the name "Habib" as an alias.

      Fakih was sentenced on November 3, 2006. The Court found that the offense level was 14, the criminal history category was I, and the U.S. Sentencing Guidelines range was 15-21 months. (Sentencing Hearing Transcript ("Sentencing Tr.") dated Nov. 3, 2006, at 31.) The Court denied each of Fakih's requests for a departure from the Guidelines but, pursuant to the authority given the Court by the U.S. Supreme Court in United States v. Booker, 543 U.S.

220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and the Second Circuit in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the Court stated that it was "tak[ing] into consideration all of the factors in 18 [U.S.C.] § 3553(a)" to fashion a reasonable sentence that was sufficient but not "greater than necessary to comply with the purposes of § 3553(a)." (Sentencing Tr. at 33.) Stating that it had specifically taken into account "the nature and circumstances of this offense, as well as the particular characteristics of the defendant, including the psychological conditions he suffers from and the abuse he suffered previously" (id.), the Court sentenced Fakih significantly below the advisory Guideline range: he was sentenced principally to six months imprisonment to be followed by two years of supervised release, with a special condition of supervised release of six months in a community confinement center (id. at 31-32).

The U.S. Court of Appeals for the Second Circuit subsequently affirmed the judgment of conviction in a Summary Order dated February 13, 2008. United States v. Fakih, 264 Fed. App'x 78 (2d Cir. 2008). In that Summary Order, the Second Circuit rejected arguments by Fakih that the trial court had improperly excluded exculpatory evidence, and that the government's summation was improper, among others. See id. at 79-80.

One month later, Fakih, represented by the same attorney who had represented him on the appeal to the Second Circuit, filed this Section 2255 petition seeking a vacating of Fakih's conviction on the grounds that his trial counsel, Ronald M. Kleinberg, Esq., had rendered constitutionally ineffective assistance to Fakih. The petition raises several of the same arguments that were raised at – and rejected by – the Second Circuit. The core of the petition is that current counsel believes he would have tried a better case than trial counsel did; he fashions this argument as trial counsel having rendered ineffective assistance of counsel at trial. This

argument fails. There was no ineffective assistance of counsel at trial and the petition is dismissed.

## II. LEGAL STANDARD

To establish a claim of ineffective assistance of counsel, a defendant must show both that: (1) his counsel's performance was objectively unreasonable under professional standards prevailing at the time, and (2) his counsel's deficient performance was prejudicial to his case. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); Bunkley v. Meachum, 68 F.3d 1518, 1521 (2d Cir. 1995).

Fakih cannot meet the first prong of this test by contending that he disagrees with trial counsel's trial strategy. Instead, he must establish that his "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." See Strickland, 466 U.S. at 687. There is a "strong presumption" that defense counsel's conduct fell within the broad spectrum of reasonable professional assistance, and a defendant bears the burden of proving "that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." Kimmelman v. Morrison, 477 U.S. 365, 381, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citing Strickland, 466 U.S. at 688-89).

To meet the second prong of the Strickland test, the defendant must show that "[t]here is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

## III. DISCUSSION

Fakih contends principally that his trial counsel was ineffective because (1) Fakih was never informed that the government would have permitted him to plead guilty to a misdemeanor; (2) trial counsel failed to offer certain exculpatory evidence; (3) the government's summation was improper; (4) trial counsel allegedly failed to move for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 prior to the jury rendering its verdict; (5) trial counsel failed to introduce psychiatric evidence that Fakih suffered from post traumatic stress syndrome; and (6) Fakih should be resentenced because the Court did not understand the full extent of its ability to vary a sentence from the Guidelines range.

### A. The Misdemeanor Plea

Fakih contends that his trial counsel failed to inform him that the government would permit him to plead to a misdemeanor, when he in fact would have accepted such a plea rather than go to trial on the felony charge of which he was ultimately convicted. Fakih seeks a factual hearing on this issue.

Fakih offers no objective evidence to support his contention that he was offered a plea to a misdemeanor or that he would have been offered one if only his counsel had pushed for one. See United States v. Gordon, 156 F.3d 376, 380-81 (2d Cir. 1998). In fact, the Assistant United States Attorney who prosecuted the case, Marissa Molé, Esq., has already stated that the government never made an offer to defendant to plead to a misdemeanor. (Letter of Marissa Molé, Esq. dated Apr. 9, 2008, at 7.) This was made explicit at argument in court as follows:

> THE COURT: Ms. Molé, as an officer of the Court, was a misdemeanor plea offered to this defendant through his attorney?

> MS. MOLÉ: No formal misdemeanor plea was ever offered by my office.
>
> THE COURT: Was a deferred prosecution application offered by your office?
>
> MS. MOLÉ: No deferred prosecution was ever offered to the defendant by my office. . . .
>
> MR. ADLER: Your Honor, could I just ask one question? I heard Ms. Molé say no – you asked about misdemeanor, and I heard not "no," but I heard "no formal." And so the reason I'm asking the Court for a follow up question, subject to the Court's discretion, is I've been in situations –
>
> THE COURT: I understand. What did you mean to – when you said – what did you mean to exclude when you said no formal misdemeanor plea was offered? My assumption is you meant, of course, there are lots of discussions, but – how to resolve things, but nothing – it never was offered by you. But what did you mean?
>
> MS. MOLÉ: Yes, your Honor. Basically my office has very strict policies about offering someone a deferred prosecution or a misdemeanor, which involves getting a submission from defense counsel. In this case, while I certainly – as I indicated in the government's opposition, there were ongoing plea discussions and conversations. There was never any misdemeanor offer that came from my office to defendant. And so, therefore, there is no offer that he could have accepted at any point and have resolved his case with a misdemeanor.

(Hearing Transcript dated Apr. 30, 2008, at 29:15-30:20.)

Thus, in the course of "ongoing plea discussions and conversations," the government never informed defendant's trial counsel that it would permit Fakih to plead guilty to a misdemeanor. Defendant's contention that his counsel improperly never informed him of that offer is therefore meritless because there never was any such offer. Although Fakih seeks a hearing on this, there is no issue of fact here that requires a hearing to resolve.

   B. <u>Failure to Offer Exculpatory Evidence</u>

Fakih contends that trial counsel failed to offer certain evidence: specifically, trial counsel failed to introduce testimony about Hassan Mazeh, Fakih's relative. Fakih says that

-5-

Mazeh had told the FBI that Fakih was not involved in the underlying credit card fraud out of which Fakih's witness tampering charge arose. Fakih therefore alleges ineffective assistance of counsel because trial counsel did not cross-examine the FBI agent who conducted the credit-card fraud investigation about whether Mazeh had told the FBI that Fakih was not involved in the underlying credit card fraud. Furthermore, Fakih alleges that his counsel was ineffective because he failed to seek the admission of an FBI "302 report" allegedly reflecting Mazeh's statements. Finally, Fakih also claims that trial counsel's failure to call Mazeh as a defense witness constituted ineffective assistance of counsel.

Those issues have already been decided both at trial and on appeal. Cross-examination about Mazeh's alleged statements was properly excluded as hearsay at trial and those rulings were affirmed on appeal. As to trial counsel's decision not to call Mazeh as a witness, the decision whether to call a specific witness is a strategic decision well within the ken of the trial counsel. See United States v. Luciano, 158 F.3d 655, 660 (2d Cir. 1998); United States v. Schmidt, 105 F.3d 82, 90 (2d Cir. 1997) (citing United States v. Romero, 54 F.3d 56, 60 (2d Cir. 1995); United States v. Aiello, 900 F.2d 528, 532-33 (2d Cir. 1990)). In this case, there were certainly valid reasons for counsel to not want Mazeh to testify, since Fakih himself, in the recorded conversation that led to his indictment, stated that Mazeh was involved in the underlying credit card fraud. Such a strategic decision is not a basis on which to grant a Section 2255 petition. See United States v. Nersesian, 824 F.2d 1294, 1321 (2d Cir. 1987).

  C.  Improper Closing Argument

Fakih contends that selected comments by the government in closing should have been objected to by defense counsel. However, this same point was raised on direct appeal and

rejected by the Second Circuit, which wrote, "If a defendant fails to make a timely objection to a statement contained in the prosecutor's summation, the statement will not be deemed a ground for reversal, unless it amounts to a flagrant abuse. . . . We see no such abuse." Fakih, 264 Fed. App'x at 80 (citing United States v. Rivera, 22 F.3d 430, 437 (2d Cir. 1994)).

In Fakih's reply submission in support of the petition, he has located additional excerpts from the government's closing that he did not raise on the direct appeal nor in the petition itself. Those additional phrases do not change the outcome: all the comments at issue by the prosecutor are supported in the record and none constitute abuse, let alone "flagrant abuse."

### D. Failure to Move Pursuant to Rule 29

Fakih contends that counsel's waiting to move for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 until after the jury returned its verdict constitutes ineffective assistance of counsel. Fakih did move after trial to set the verdict aside pursuant to Rule 29 or, alternatively, for a new trial pursuant to Fed. R. Crim. P. 33. This Court denied both motions in a six page Memorandum Opinion and Order dated July 18, 2006, finding that the evidence was sufficient to support the jury's verdict and the interests of justice did not require a new trial. United States v. Fakih, No. S1 05 CR 713, 2006 WL 1997479, at *3 (S.D.N.Y. July 18, 2006). The trial evidence was thoroughly analyzed in that Opinion and there is no reason to believe the Court's analysis would have been any different if the Rule 29 motion had been made prior to the verdict being rendered.

### E. Failure to Introduce Psychiatric Evidence

Fakih claims it was ineffective assistance of counsel for the defense to fail to seek to introduce evidence from Fakih's doctors that he suffered from post traumatic stress disorder due to his upbringing in Lebanon during the civil war there and that he exhibited a "borderline personality disorder." The purpose of this evidence would have been to attempt to raise a reasonable doubt as to whether Fakih had a corrupt intent during the taped conversation.

However, Dr. Stuart Kleinman, a psychiatric expert jointly retained by both the government and the defense prior to trial, made specific findings that at the time of the taped conversation, "Mr. Fakih's thinking processes were not substantially impaired . . . . He felt pressure to help himself, but did not act involuntarily, automatically, or without forethought." (Forensic Psychiatric Report, Ex. E to Government Response to Petition, at 28.) Dr. Kleinman concluded that:

> The totality of the data reviewed indicates, to a reasonable degree of psychiatric certainty, that when Mr. Fakih met with Mr. Rothenberg on December 23, 2004 he did not suffer from a psychiatric condition which substantially impaired: 1. His ability to form the intent to wrongfully influence – if such was, in fact, his intent – Mr. Rothenberg. 2. His thinking regarding what he communicated to Mr. Rothenberg.

(Id. at 38.) Indeed, Dr. Kleinman found that Fakih's thinking was "rational[]," "not compromise[d]," and "not substantially impaired." (Id. at 8, 15, 18-28.)

Accordingly, because testimony by the an expert retained in part by the defense would have undercut any argument that Fakih's thinking was impaired, there were significant and valid strategic reasons for trial counsel to not seek to introduce psychiatric evidence at trial,

even assuming it would have been admitted. This decision cannot be the basis for a finding of ineffective assistance of counsel.

### F. Resentencing

Fakih seeks to be resentenced pursuant to Gall v. United States, ___ U.S. ___, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) and Kimbrough v. United States, ___ U.S. ___, 128 S. Ct. 558, 169 L. Ed. 2d 481 (2007) on the theory that the Court at sentencing was unaware of the extent of its ability to vary from a Guideline sentence. There is absolutely no basis to that contention. At the sentencing, which was subsequent to Booker and Fanfan having been decided by the Supreme Court, this Court specifically recited that it was considering all of the factors in 18 U.S.C. § 3553(a) to fashion a sentence that was appropriate and sufficient, but not greater than necessary, to meet the aims of § 3553(a). (Sentencing Tr. at 33.) In the judgment of conviction, this Court repeated the reasons it was varying from the Guideline sentence, including "the nature and circumstances of the offense, and the history and characteristics of the defendant," such as "the severe domestic violence defendant suffered as a child" and the fact that "the crime did not involve any threat or violence," among other reasons. (Judgment dated Nov. 6, 2006.) As a result of its consideration of those factors, the Court imposed a sentence imposed substantially below the Guideline range. Fakih therefore has not shown that he should be resentenced, and the Court will not resentence him.

## IV. CONCLUSION

Fakih fails to meet either prong of the Strickland test set forth above, and there are no facts at issue that would require a hearing. Accordingly, the petition pursuant to 28 U.S.C. § 2255 is dismissed, and because petitioner has not made a substantial showing of the denial of a

constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Richardson v. Greene, 497 F.3d 212, 217 (2d Cir. 2007).

Dated: New York, New York
November 3, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.